```
          IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF UTAH
_____

EDGAR TIEDEMANN,              )    **MEMORANDUM DECISION & ORDER**
                              )    **DENYING HABEAS PETITION**
        Petitioner,           )
                              )    Case No. 2:10-CV-1277 CW
    v.                        )
                              )    District Judge Clark Waddoups
STEVEN TURLEY,                )
                              )
        Respondent.           )
_____
```

Petitioner, Edgar Tiedemann, filed this habeas corpus petition,[1] in which he attacks the same convictions he attacked in a prior petition pending in this Court.[2] The Court thus determines that the current petition should be denied as "second or successive."[3]

## "SECOND OR SUCCESSIVE" ANALYSIS

The Court lacks jurisdiction over this second or successive habeas application absent prior authorization from the Tenth Circuit Court of Appeals.[4] Because Petitioner has not sought such authorization, the Court may not consider the merits of the petition.

Under 28 U.S.C.S. § 1631 (2012), the Court has discretion to transfer this misfiled petition to the court of appeals "if . . .

---

[1] *See* 28 U.S.C.S. § 2254 (2012).

[2] *See* Tiedemann v. Bigelow, No. 2:10-CV-803 CW (D. Utah Aug. 12, 2010); Tiedemann v. Bigelow, No. 2:10-CV-904 DB (D. Utah Sept. 13, 2010).

[3] *See* U.S.C.S. § 2244(b) (2012).

[4] *See id.* § 2244(b)(3)(A).

it is in the interest of justice."  In determining here that a transfer would not be in the interest of justice, the Court has examined

> whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction.[5]

First, the issue of a time bar appears applicable here. Petitioner's conviction was affirmed on appeal in state court on September 24, 2009.  That gave him thirty days--until October 24, 2009--to petition for writ of certiorari in Utah Supreme Court, which he did not.  So, his conviction became final on that day. The period of limitation in federal habeas corpus cases is one year.[6]  The year expired on October 24, 2010.  This petition was not filed until December 29, 2010.  And, Petitioner has argued no grounds for tolling.

Second, it should have been obvious to Petitioner, upon filing claims redundant of those raised in his earlier case, currently pending in this Court, that this petition was not filed in good faith and that this Court would lack jurisdiction over such a second or successive petition.  The Court will review the

---

[5]In re Cline, 531 F.3d 1249, 1251 (10th Cir. 2008).

[6]28 U.S.C.S. 2244(d)(1)(A) (2012).

merits of the earlier case upon receiving the State's amended answer.

## CONCLUSION

The Court lacks jurisdiction to review this second or successive petition.  And, it determines that it is not in the interest of justice to transfer the case to the Tenth Circuit Court of Appeals.

IT IS THEREFORE ORDERED that Respondent's motion to dismiss is GRANTED.[7]  This habeas corpus petition is DENIED without prejudice.  This case is CLOSED.

DATED this 22nd day of February, 2012.

BY THE COURT:

_____
CLARK WADDOUPS
United States Magistrate Judge

---

[7](See Docket Entry # 30.)